**In re David and Sharon A. GOLAN, Debtors.**

**Bankruptcy No. 81 B 8867.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 9, 1983.

**44**

Denis B. Pierce, Chicago, Ill., for debtors.

Neil P. Gantz, Chicago, Ill., for Trustee.

### MEMORANDUM OPINION
### AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This matter comes on to be heard upon the petition for payment of homestead exemption filed by DAVID and SHARON A. GOLAN [Debtors], represented by DENIS B. PIERCE, and the response thereto filed by RONALD E. SIEGEL [Trustee], represented by NEIL P. GANTZ. The Court having reviewed the pleadings filed in the matter, and having heard arguments of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. On July 23, 1981, the Debtors, husband and wife, filed a joint voluntary petition under Chapter 7 of the United States Bankruptcy Code. On Schedule B-1 of their petition, Debtors listed their residence located at 17157 Chicago Avenue, Lansing, Illinois. On Schedule B-4 of their petition, Debtors claimed a $10,000.00 homestead exemption in the above-mentioned residence, pursuant to Section 522 of the Code and Illinois Revised Statutes Chapter 110,

¶ 12–901, 1981, applicable at the time of filing of the petition.

2. On September 15, 1981, RONALD E. SIEGEL was appointed Interim Trustee, and on October 14, 1981, the Trustee filed a no-asset report.

3. On January 11, 1982, an order of discharge was entered and on April 30, 1982, an order was entered closing the case.

4. On May 10, 1982, an order was entered vacating the Trustee's No Asset Report; the case was reopened and the Trustee, RONALD E. SIEGEL, was authorized to employ as his attorney NEIL P. GANTZ. The Trustee was given leave to enter into a real estate sale contract with AMERICAN HOME REALTY for the sale of the Debtors' residence located at 17157 Chicago Avenue, Lansing, Illinois, which sale was never consummated.

5. On December 15, 1982, the Trustee, RONALD E. SIEGEL, was authorized to enter into a real estate sale contract for the sale of the Debtors' residence to JEFFERY J. ROSINIA and KATHRYN M. KELLY for $35,000.00. This contract was modified to allow the Debtors possession of the property for no more than 30 days after closing at a per-diem rate of $10.00 per day.

6. On April 19, 1983, Trustee filed a petition stating that from the proceeds of the sale there remained the sum of $8,894.33, and a balance in escrow of $2,000.00 to be paid to the sellers, and the Trustee requested leave to pay $5,000.00 to the Debtors on their homestead exemption. The balance of the homestead exemption remained in the Trustee's possession pending determination of the total amount Debtors are entitled to receive.

7. On May 5, 1983, the Debtors filed a petition asking this Court to direct the Trustee to pay the balance of their homestead exemption.

The Court Concludes and Further Finds:

1. The Debtors, DAVID and SHARON A. GOLAN, remained in possession of the

residence located at 17157 Chicago Avenue, Lansing, Illinois, for a period of one year subsequent to filing their voluntary petition under Chapter 7 of the Bankruptcy Code, and during this time no mortgage payments were made to PERCY WILSON MORTGAGE CO. This failure to make payments resulted in an arrearage of $3,132.15 in mortgage payments at the time of the sale of Debtors' residence.

2. When the sale of Debtors' residence was consummated on April 13, 1983, the Trustee was obligated to cure the above-mentioned mortgage arrearage.

3. Based on the pleadings filed in this matter, and the settlement statement from CHICAGO TITLE & TRUST CO., it appears that the total proceeds from the sale of Debtors' residence amount to $10,894.33. Pursuant to an order of this Court dated April 19, 1983, the Trustee made a partial payment to Debtors of $5,000.00 on their homestead exemption. The Debtors contend that there remains in the Trustee's possession the sum of $5,894.33.

4. The Trustee contends that he is entitled to recover the sum of $3,132.15 from Debtors as payment of use and occupancy for the period Debtors remained in possession of the residence but for which period no mortgage payments were made. The Court, therefore, finds that upon balancing the equities, the most just remedy is to pay to the Debtors forthwith the sum of $3,000.00 on account of the homestead exemption due them and that the Trustee file his Final Report and Account and claim for allowances for Trustee's and attorney's fees and that the final hearing on the balance of homestead exemption due the Debtors be continued to December 16, 1983.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the Trustee, RONALD E. SIEGEL, pay forthwith to the Debtors, DAVID and SHARON A. GOLAN, the sum of $3,000.00 on account of homestead exemption and that the Trustee, RONALD E. SIEGEL, file his Final Report and Account and application for fees and allowances by December 15, 1983

and that hearing on final account and homestead exemption be continued to December 16, 1983 at 11:00 a.m.